COMMERCIAL CHEMICAL PRODUCTS, INC. D/B/A POOLSURE

VERSUS

JAKE'S TOWING, L.L.C., AND AXIS CAPITAL INSURANCE COMPANY

NO. 24-C-125

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 89,497, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING

May 15, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

**REVERSED; SUMMARY JUDGMENT GRANTED; PLAINTIFF'S
CLAIMS AGAINST DEFENDANT, AXIS SURPLUS INSURANCE
COMPANY, DISMISSED WITH PREJUDICE**
    **SUS**
    **JGG**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
COMMERCIAL CHEMICAL PRODUCTS, INC. D/B/A POOLSURE
    Charles K. Chauvin

COUNSEL FOR DEFENDANT/RELATOR,
AXIS CAPITAL INSURANCE COMPANY
    Dennis J. Phayer

**SCHLEGEL, J.**

Defendant, AXIS Surplus Insurance Company ("AXIS"), filed an application for supervisory writs asking this Court to reverse in part, the trial court's February 8, 2024 judgment denying its summary judgment motion on coverage issues under the commercial general liability policy that AXIS issued to its insured, Jake's Towing, L.L.C. ("Jake's"). AXIS contends that its policy excludes coverage for claims arising from alleged faulty repair work performed by Jake's on the engine of a truck owned by plaintiff, Commercial Chemical Products, Inc., d/b/a Poolsure ("Poolsure"). For reasons explained more fully below, we agree with AXIS and therefore, reverse the portion of the trial court's judgment denying AXIS's summary judgment motion, grant the motion and dismiss all claims alleged by Poolsure against AXIS.

## FACTS AND PROCEDURAL BACKGROUND

This matter involves a petition for breach of contract filed by Poolsure against defendant, Jake's, and its insurer, AXIS, on July 26, 2021. Poolsure alleges that on June 3, 2020, it contracted with Jake's to repair an oil leak and to change the oil in one of its trucks. Several days later on June 9, 2020, Poolsure personnel returned to Jake's facility located in Boutte, Louisiana, to retrieve the truck after Jake's advised the work had been completed. Poolsure next alleges that "a technician employed by Jake's Towing started up the truck and drove it approximately 200 feet despite the fact that the low engine warning light and alarm had been activated due to a lack of sufficient oil in the engine." Poolsure contends that Jake's unworkmanlike performance, "including operation of the vehicle without oil, caused substantial engine damage."

AXIS filed a summary judgment motion arguing that the policy it issued to Jake's does not provide coverage for damages arising from faulty workmanship. The trial court granted summary judgment in part, finding that no coverage existed

under the business auto policy, but denied summary judgment as to the commercial general liability ("CGL") policy based on its finding that genuine issues of material fact existed as to whether an exclusion, contained in Section A(2)(l) (Damage to Your Work) of the CGL policy, precluded coverage. The trial court explained that a genuine issue of material fact existed as to whether the repairs were completed by a subcontractor, which is an exception to the Section A(2)(l) exclusion.

AXIS filed a notice of intent to apply for supervisory writs and filed a timely writ application with this Court on March 14, 2024. After reviewing the writ application, this Court allowed the parties the opportunity to present oral argument and submit additional briefing in accordance with La. C.C.P. art. 966(H).[1]

**DISCUSSION**

In its writ application, AXIS contends that the trial court erred in denying summary judgment because it raised two other exclusions in its summary judgment motion contained in Sections A(2)(j)(4) and (6) (Damage to Property) of the CGL policy, which AXIS contends preclude coverage for Poolsure's faulty workmanship claims. Poolsure argues in its opposition that exceptions to the exclusions apply that would restore coverage.

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary

---

[1] La. C.C.P. art. 966(H) provides:

> On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or party without assigning the case for briefing and permitting the parties an opportunity to request oral argument.

judgment is appropriate. *Reed v. Landry*, 21-589 (La. App. 5 Cir. 6/3/22), 343 So.3d 874, 880.

The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. *Geovera Specialty Ins. Co. v. Hernandez*, 18-330 (La. App. 5 Cir. 12/19/18), 262 So.3d 463, 467. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage should be afforded. *Id*. The plaintiff/insured bears the burden of proving that a claim falls within policy coverage. *Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's*, 16-525 (La. App. 5 Cir. 2/8/17), 213 So.3d 1220, 1226. An insurer seeking to avoid coverage through summary judgment bears the burden of proving that some provision or exclusion applies to preclude coverage. *Id*.

An insurance policy is a contract, which must be construed employing the general rules of interpretation of contracts. *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634, 638. If the insurance policy's language clearly expresses the parties' intent and does not violate a statute or public policy, the policy must be enforced as written. *Id*. However, if the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. *Id*. Liability insurance policies should be interpreted to effect, rather than to deny coverage. *Id*. It is well-settled, however, that unless a statute or public policy dictates otherwise, "the insurers may limit liability and impose such reasonable conditions or limitations upon their insureds." *Id*. at 638-39. In these circumstances, unambiguous provisions limiting liability must be given effect. *Id*. at 639.

24-C-125                                          3

The Louisiana Supreme Court, as well as this Court, have recognized that exclusions, such as the one contained in Section A(2)(j)(6) of the policy at issue, reflect the intent of the insurance industry to avoid the possibility that coverage under a CGL policy will be used to cover costs to repair and replace the insured's faulty workmanship. *Id.* at 641; *Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc.*, 03-422 (La. App. 5 Cir. 9/16/03), 858 So.2d 22, 28-29 (recognizing that the exclusion contained in Section A(2)(j)(6) excludes coverage to property that must be repaired or replaced because the insured's work was incorrectly performed on it); *Dorsey v. Purvis Contracting Grp., L.L.C.*, 17-369 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 744, *writ denied*, 18-199 (La. 3/23/18), 239 So.3d 296. The CGL policy is not intended as a guarantee of the quality of the insured's work or product. *Vintage Contracting*, 858 So.2d at 28. Further, Louisiana jurisprudence has consistently recognized that liability policies are not performance bonds. *Id.*

We first address the exclusion contained in Section A(2)(j)(6) of the CGL policy, which precludes coverage for damage to property caused by work "incorrectly performed" by or on behalf of the insured. The relevant provisions of this exclusion, and the exception to the exclusion contained in the "products-completed operations hazard" ("PCOH") provision, provide as follows:

**2. Exclusions**

This insurance does not apply to:

* * *

**j. Damage To Property**

"Property damage" to:

* * *

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

* * *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

"Property damage," and "your work," are defined in the policy as follows in Section V:

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability performance or use of "your work"; and

(2) The providing of or failure to provide warnings or instructions.

Further, "products-completed operations hazard" is defined in the policy as follows:

16. "Products-completed operations hazard"

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the

following times:

> (a) When all of the work called for in your contract has been completed.
>
> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>
> (c) When that part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The PCOH exception provides coverage for the risk of liability arising out of products after they have left the hands of the insured or for the insured's exposure to liability arising out of completed work performed away from the insured's premises. *See Vintage Contracting*, 858 So.2d at 29.

In its writ application, AXIS argues that Poolsure's allegations in its petition seeking to recover property damages due to Jake's faulty work trigger the exclusion contained in Section A(2)(j)(6) of the CGL policy. This provision excludes coverage for damage to property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it. The definition of "your work" includes work performed on behalf of the insured. AXIS further argues that the exception to this exclusion – the PCOH provision – does not apply because pursuant to the allegations in Poolsure's petition, the engine sustained the damage at issue while the truck was still on Jake's premises and in Jake's physical possession.

Poolsure does not dispute that Section A(2)(j)(6) excludes coverage, but rather claims that the PCOH exception applies because the repair work was complete. Poolsure further argues that AXIS had the burden to prove the

exception to the exclusion does not apply and that AXIS failed to provide evidence in support of its summary judgment motion to meet this burden. We find that AXIS has met its burden.

First, AXIS argued that Section A(2)(j)(6) excluded coverage in its summary judgment motion. It also attached a copy of Poolsure's petition for breach of contract, as well as an affidavit from an AXIS senior claims specialist that included a certified copy of the insurance policy at issue. As discussed above, Poolsure's own petition explains that after Jake's advised the truck was ready, Poolsure personnel went to Jake's location in Boutte, Louisiana to pick up the truck. Poolsure alleges that at that time, a technician employed by Jake's started up the truck and drove it a short distance (200 feet) despite the fact that the engine warning light and alarm had activated due to lack of sufficient oil in the engine. The plain language of the PCOH exception clearly states that it only applies when the property damage occurs away from the insured's premises. Therefore, even if the work was completed, Section A(2)(j)(6) excludes coverage and the PCOH exception does not apply because the truck was still on Jake's premises when the property damage occurred.

Based on the allegations in Poolsure's petition alone, it is apparent that the PCOH exception does not apply. AXIS did not have to present any further evidence to meet its burden to establish that summary judgment was warranted based on the exclusion in Section A(2)(j)(6) of the CGL policy.[2]

Poolsure also argues that this Court should review the portion of the trial court's February 8, 2024 judgment that granted summary judgment as to the business auto policy. However, Poolsure did not file a writ application on this issue and therefore, that portion of the judgment is not before this Court. AXIS

---

[2] AXIS argues that an additional exclusion contained in Section A(2)(j)(4) of the CGL policy precludes coverage. However, based on our conclusion that Section A(2)(j)(6) excludes coverage for Poolsure's claims, we pretermit consideration of that argument.

filed its notice indicating its intent to seek supervisory review on February 26, 2024. Therefore, Poolsure had ample time to file its own notice of intent if it wanted the opportunity to seek review of the trial court's ruling that no coverage existed under the business auto policy.

**DECREE**

Accordingly, we grant AXIS's writ application and reverse the part of the trial court's February 8, 2024 judgment denying AXIS's summary judgment motion. We further grant summary judgment in favor of AXIS and find that coverage does not exist under the CGL policy that AXIS issued to Jake's, and dismiss all of Poolsure's claims against AXIS, with prejudice.

**REVERSED; SUMMARY JUDGMENT GRANTED; PLAINTIFF'S CLAIMS AGAINST DEFENDANT, AXIS SURPLUS INSURANCE COMPANY, DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 15, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**24-C-125**

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
CHARLES K. CHAUVIN (RESPONDENT)      DENNIS J. PHAYER (RELATOR)

**MAILED**